IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANDREW SEAN PLUMMER, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-51 |
| v. | |
| DETECTIVE TOLIVER, et al., | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Person Act, and various state law claims. Docs. 20, 20-1. For the reasons which follow, I **VACATE** this Court's Order granting Plaintiff's Motions to Proceed *in Forma Pauperis* and now **DENY** Plaintiff's Motions. Docs. 2, 9, 11. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under 42 U.S.C. § 1983, asserting claims against various Defendants. Plaintiff's allegations involve both his arrest and confinement at Glynn County Detention Center from about September 2020 to May 2021. Plaintiff alleges he was assaulted on

---

[1] All allegations set forth here are taken from Plaintiff's Complaint, as amended. Docs. 1, 20. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

May 24, 2021, by five officers and then placed in a cell without medical treatment or the ability to use the bathroom.  Doc. 20 at 5.  Plaintiff also brings allegations related to: Defendants forcing him to wash his dreadlocks, in violation of his Rastafarian religion; lack of process at a disciplinary hearing; Glynn County Detention Center's postcard policy; being forced to take psychiatric medicine against his will; the conditions of confinement while placed in segregation; Defendants refusing to provide him a no top bunk pass while housed at Glynn County Detention Center; Defendants' deliberate indifference to medical needs; and retaliation by Defendants for filing grievance.  Doc. 20-1 at 1–15.  Additionally, Plaintiff complains of events on February 11, 2021, relating to an allegedly illegal arrest in Brunswick, Georgia, by Glynn County Police.  Doc. 20-1 at 15.  This allegedly illegal arrest led to Plaintiff being held at the County Jail for four months, where he suffered the above-described violations of his constitutional rights.  Id. at 16–21.

Plaintiff seeks relief in the form of preliminary and permanent injunctions and monetary damages.  Id. at 22.  Plaintiff is currently incarcerated at Georgia Diagnostic and Classification Prison.  Doc. 18.

## DISCUSSION

### I.   Dismissal Under 28 U.S.C. § 1915(g)

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g)[2]:

1) Plummer v. Jenkins, et al., No. 8:08-cv-2797 (D.S.C. Apr. 23, 2009) (dismissed for lack of prosecution and for failure to comply with court orders);[3]

2) Plummer v. Goodwin, et al., No. 8:07-cv-2741 (D.S.C. Jan. 29, 2010) (dismissed for failure to exhaust);[4] and

3) Plummer v. Stirling, et al., No. 2:17-cv-1454 (D.S.C. July 27, 2017) (dismissed for lack of prosecution and for failure to comply with court orders).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also

---

[2] Plaintiff has an extensive litigation history throughout the federal courts. The Court cites to three cases constituting strikes but notes Plaintiff may have more than three strikes.

[3] Dismissals for failing to follow court orders are also considered strikes. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993).

[4] The failure to exhaust administrative remedies counts as a strike under § 1915(g). White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020). The dismissal of a claim pursuant to 42 U.S.C. § 1997(e) is "tantamount to one that fails to state a claim upon which relief may be granted." Rivera, 144 F.3d at 731.

Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on May 26, 2021, as required to surpass § 1915(g)'s three strikes provision. Indeed, Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). Plaintiff's allegations all concern past harms, and Plaintiff is no longer housed at Glynn County Detention Center. See Doc. 18. As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

II.   **Plaintiff's Lack of Candor in Disclosing his Litigation History**

Alternatively, Plaintiff's case is due to be dismissed because of his lack of candor when describing his litigation history. As previously stated, § 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915. Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.

4

1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Eleventh Circuit has consistently upheld the dismissal of cases where a pro se prisoner-plaintiff has failed to disclose his previous lawsuits as required on the face of the § 1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (finding pro se prisoner's nondisclosure of prior litigation in § 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).  Even where the prisoner has later provided an explanation for his lack of candor, the court has generally rejected the proffered reason as unpersuasive.  See Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him").

Another district court in this Circuit has explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts.  Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis).  Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation . . . .  Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-cv-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted); see also Yearby v. Johnson, No. 5:16-CV-223, 2016 WL 7015683, at *2 (N.D. Fla. Oct. 26, 2016) ("In addition to revealing whether a prisoner is subject to the PLRA's 'three strikes' provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case."); Johnson v. Crawson, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (discussing the benefits of requiring plaintiff-inmates to truthfully disclose all prior litigation history, including: (1) determining applicability of § 1915(g); (2) considering whether the complaint "is related to or should be considered in connection with" a different action; (3) considering whether a holding in a previous case impacts the current action; and (4) determining plaintiff's "litigation experience and familiarity with the legal terrain of the current action").

Here, Plaintiff signed his Complaint and had it notarized.  Doc. 20 at 11; Doc. 20-1 at 23.  Nevertheless, Plaintiff misrepresented his litigation history. See Yearby, 2016 WL 7015683, at *2.  The plain language of the complaint form is clear, and Plaintiff failed to answer fully and truthfully.  Doc. 20 at 10–11 (failing to identify any previous lawsuits).  This Court cannot tolerate such lack of candor.  Paulcin v. McNeil, No. 3:09-cv-151, 2009 WL 2432684, at *3 (N.D. Fla. Aug. 6, 2009) ("If plaintiff suffered no penalty for his untruthful responses, there

6

would be little or no disincentive for his attempt to evade or undermine the purpose of the form.").

Because of the importance of truthful disclosure of litigation history by pro se, incarcerated plaintiffs, courts sometimes dismiss (without prejudice) actions when the plaintiff-inmate failed to disclose one or two cases. See Johnson, 2010 WL 1380247, at *2 (dismissing for plaintiff-inmate's failure to disclose one previous federal case and noting Plaintiff's "untruthful answers . . . inhibited the efficiency of the court"); Paulcin, 2009 WL 2432684, at *3 (dismissing for lack of candor when plaintiff-inmate "identified only four cases" but had "previously filed five" and noting "[i]f the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice"). Notably, Plaintiff omitted at least five actions he previously brought in federal court. Further, Plaintiff did answer the sections of the form asking if he ever had a case dismissed under the PLRA's three-strikes provision or if had ever filed a suit based on the same effects, showing Plaintiff knew he needed to disclose his litigation history. But he deliberately skipped over the portion that would have disclosed the above-described litigation history.

The undersigned finds dismissal without prejudice is an appropriate response for Plaintiff's failure to truthfully disclose his full litigation history, as required. See Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (finding no abuse of discretion in dismissing a plaintiff-inmate's action without prejudice when plaintiff failed to truthfully disclose his litigation history); Hood, 197 F. App'x at 819 (finding no error in denying the plaintiff an opportunity to amend and correct his failure to disclose previous filings because allowing plaintiff "to [later] acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint due to Plaintiff's failure to prepay the entire filing fee in this case, or, alternatively Plaintiff's failure to truthfully disclose his prior litigation history.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **VACATE** this Court's Order granting Plaintiff's Motions to Proceed *in Forma Pauperis* and now **DENY** Plaintiff's Motions. Docs. 2, 9, 11. For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA