# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ANDREW SEAN PLUMMER, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:21-cv-51 |
| | * | |
| v. | * | |
| | * | |
| DETECTIVE TOLLIVER, et al., | * | |
| | * | |
| Defendant. | * | |

### ORDER

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's September 17, 2021 Report and Recommendation. Dkt. No. 27. Additionally, Plaintiff filed a Motion to Amend, which the Court received after the Magistrate issued his Report, and a Motion to Serve Defendants. Dkt. Nos. 26, 28. For the reasons set forth below, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, **OVERRULES** Plaintiff's Objections, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed in forma pauperis on appeal. Further, the Court **DENIES** Plaintiff's Motion to Amend and **DENIES as moot** Plaintiff's Motion to Serve Defendants. Dkt. Nos. 26, 28.

AO 72A
(Rev. 8/82)

I.  Plaintiff's Objections

The Magistrate Judge recommended the Court dismiss Plaintiff's Amended Complaint because he has three strikes under the Prison Litigation Reform Act, his allegations are insufficient to show he was in imminent danger when he filed his Amended Complaint, and he did not prepay the entire filing fee. Dkt. No. 24 at 4. Alternatively, the Magistrate Judge recommended dismissal of Plaintiff's Amended Complaint because he failed to truthfully disclose his prior litigation history. Id. at 8.

Plaintiff argues in a conclusory fashion he does not have any previous lawsuits which qualify as strikes. Dkt. No. 27 at 1-2. However, the Court has reviewed de novo the Magistrate Judge's determination and agrees Plaintiff has had at least three previous dismissals which qualify as strikes. See Dkt. No. 24 at 3.

Further, Plaintiff contends, even if he has three strikes, he qualifies for the imminent danger exception. Dkt. No. 27 at 2. First, Plaintiff asserts his allegations of excessive force qualify for him for the imminent danger exception, citing to Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018). However, in Smith, the Eleventh Circuit Court of Appeals explained the plaintiff-prisoner was in imminent danger because of continued threats to his persons by gang members who

2

previously attacked him. Id. at 686-87. Here, Plaintiff's Amended Complaint does not contain allegations Defendants continue to threaten him.

Plaintiff also reiterates various allegations contained in his Amended Complaint, which he contends form the basis of his 42 U.S.C. § 1983 claims. Dkt. No. 27 at 3-7. However, none of the allegations show he is in imminent danger; instead, they all relate to past danger. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute.").

Plaintiff also argues the Magistrate Judge erred when finding Plaintiff failed to disclose his prior litigation history. Dkt. No. 27 at 1-2. However, Plaintiff then acknowledges and discloses at least one previous lawsuit. Id. at 2. Plaintiff attempts to justify his lack of candor by stating he was not aware of any cases dismissed as frivolous, malicious, or failing to state a claim. However, the form asks for any lawsuits "otherwise relating to the conditions of your imprisonment." See Dkt. No. 20 at 9. Thus, Plaintiff was plainly required to disclose his prior litigation and offers no explanation for his failure to do so. Moreover, Plaintiff still

3

is not forthcoming about the totality of his prior litigation history.

Thus, the Court **OVERRULES** Plaintiff's Objections. Further, after an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Report and Recommendation as the opinion of the Court.

## II. Plaintiff's Motion to Amend

The Court has reviewed Plaintiff's Motion to Amend and Plaintiff still fails to demonstrate he was in imminent danger as to allow him to proceed without paying the filing fee and still does not truthfully disclose his litigation history. See Dkt. No. 26. Thus, amendment would be futile, and the Court **DENIES** Plaintiff's Motion to Amend. Delgiudice v. Primus, 679 F. App'x 944, 949 (11th Cir. 2017) ("A district court may properly deny leave to amend the complaint under Rule 15(a) if an amendment would be futile" and "the complaint as amended would still be properly dismissed").

## III. Plaintiff's Motion to Serve Defendants

Plaintiff moves for an order requiring the United States Marshals Service to serve all the Defendants in this action. However, as explained above, the Court finds dismissal of his Amended Complaint is appropriate. Accordingly, the Court **DENIES as moot** Plaintiff's Motion to Serve Defendants. Dkt. No. 28.

4

AO 72A
(Rev. 8/82)

CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, **OVERRULES** Plaintiff's Objections, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.  Further, the Court **DENIES** Plaintiff's Motion to Amend and **DENIES as moot** Plaintiff's Motion to Serve Defendants.  Dkt. Nos. 26, 28.

**SO ORDERED**, this ___7___ day of ___October___, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)